FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 MAR 23  P 2:36

CLERK'S OFFICE
AT GREENBELT

BY____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JACK BRUCE JOHNSON, SR.** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 16-654** |
| | * | (Related to Criminal No. 11-075) |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Defendant | * | |
| | * | |

### MEMORANDUM OPINION

Jack Bruce Johnson, Sr. has filed a Motion to Vacate, Set Aside, or Correct Sentence,
under 28 U.S.C. § 2255. ECF No. 63. The Court has considered the Motion and the
Government's Opposition. For the reasons described below, the Court **DENIES** the Motion.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 14, 2011, a grand jury returned an eight-count indictment against Johnson
stemming from his illegal activities while serving as the County Executive for Prince George's
County, Maryland. ECF No. 17. On May 17, 2011, Johnson entered into an agreement with the
Government, in which he pleaded guilty to extortion, in violation of 18 U.S.C. § 1951 (Count 2)
and witness and evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B) (Count 8). ECF
No. 26. All other charges were dropped. On May 17, 2011, following a colloquy with Johnson
in open court, the Court accepted the plea agreement. *Id.*

On December 14, 2011, the Court sentenced Johnson to 87 months in custody, to be
followed by three years of supervised release. ECF No. 50. Johnson waived his right to appeal
in the plea agreement. ECF No. 27.

Some four and one-half years later, on March 8, 2016, Johnson filed the present Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 63. He argues that he is eligible for relief on account of newly discovered evidence related to three "offensive and hate-filled" letters he and his family received in 2010 and 2011. *Id.* at 4. The mailings contained crude language and racial slurs directed towards Johnson and referenced the crimes to which he pleaded guilty. *Id.* at 8. Johnson believes and alleges that members of the Prince George's County Police Department (PGCPD), who were part of a federal task force investigating his crimes, were the authors of the letters. *Id.* His evidence for this proposition includes the statement that one of the letters was mailed in an official Prince George's County Government stationery envelope. *Id.* at 9-10. Another of the letters referenced two PGCPD officers Johnson prosecuted during his time as the State's Attorney for Prince George's County, an office he held prior to becoming County Executive. *Id.* at 9.

Johnson submits that in 2015, an independent scientific laboratory retained by him tested traces of saliva on the back flap of the three envelopes in which the letters were delivered. *Id.* at 10. The tests indicated that a single male had sent two of the letters, one of which was the one sent in what appeared to be an official Prince George's County Government stationery envelope. A separate individual purportedly sent the third letter. *Id.* at 11. From this, Johnson concludes that a Prince George's County employee, likely a PGCPD officer, sent the two letters. *Id.* at 12.

Johnson asserts that the DNA test's conclusions constitute new evidence suggesting a lack of integrity in the criminal investigation that supported the investigators' application for Title III wiretaps in his case which, in turn, produced a significant amount of the evidence against him. *Id.* at 13. He contends that he would not have entered into his plea agreement had

he known that the DNA tests would reveal that the investigation was tainted. *Id.* at 12. The

Government submits that Johnson's claim is meritless. ECF No. 68 at 6.

## II.   ANALYSIS

### a.   LIMITATIONS

Title 28 U.S.C. §2255 establishes a one-year statute of limitations a post-conviction

petition from the latest of:

> (1) the date on which a conviction becomes final; (2) the date on which the
> impediment to making a motion created by governmental action in violation
> of the constitution or laws of the United States is removed, if the movant
> was prevented from making a motion by such governmental action; (3) the
> date on which the right asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or (4) the date
> on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

Based on 28 U.S.C. § 2255(f)(2), Johnson argues that limitations should run from March

11, 2015, because that was "the moment which it became possible to trace the suspected law

enforcement-related wrongdoing back to the perpetrators." ECF No. 63 at 18. Alternatively he

argues, pursuant to § 28 U.S.C. §2255(f)(4), that limitations should run from October 13, 2015,

because that was "the date in which [Johnson] received the DNA testing results from a third

envelope." *Id.* The Government counters that the appropriate date when limitations began to run

was December 28, 2011, fourteen days after the Court filed its judgment, when Johnson failed to

note on appeal and his conviction became final. ECF No. 68 at 7. *See* Fed. R. App. P.

4(b)(1)(A) (requiring that a defendant file a notice of appeal within fourteen days of the entry of

judgment).  The deadline for Johnson to file a timely 28 U.S.C. § 2255 motion, according to the

Government, was December 28, 2012.  ECF No. 68 at 7.

       The Court agrees with the Government that limitations began to run from the date

Johnson's conviction became final pursuant to 28 U.S.C. §2255(f)(1) and that his present motion

is untimely.

       To obtain the benefit of 28 U.S.C. § 2255(f)(2), which would extend the limitations

period, a petitioner must show that the Government acted in violation of the Constitution and that

its action prevented him or her from filing a 28 U.S.C. § 2255 motion.  Johnson, however, cites

no governmental action that in any way prevented him from filing his motion or from conducting

an investigation into who sent the letters.  Therefore, 28 U.S.C. § 2255(f)(2) is not the correct

standard.

       To benefit from 28 U.S.C. § 2255(f)(4), a petitioner must prove that he or she discovered

new facts that *could not have* been discovered in the year after his conviction became final.  *See*

*U.S. v. Segers,* F.3d 181, 186 (4th Cir. 2001).  Johnson does not allege he was unable to have

conducted DNA tests within one year of receiving the letters, other than to say that "the stress

from the pending indictment and the accompanying media scrutiny" prevented him from

investigating the matter earlier.  ECF No. 63 at 7.  But the standard is not whether Johnson knew

he could obtain a DNA test or knew the results of such a test.  All that is relevant is that he had

the capability to make such a discovery through the exercise of due diligence.  *U.S. v. Clay*, 537

U.S. 522, 524-25 (2003).  Without question, he was capable.

The relevant date for limitations to begin running was December 28, 2011. That means that the limitations expired long before Johnson filed the present case on March 8, 2016. His suit is therefore time barred.[1]

### b. PROCEDURAL DEFAULT

Under 28 U.S.C. § 2255, claims not raised on direct appellate review cannot be heard on collateral review unless a petitioner shows that his or her failure to raise claims earlier in the process was for "cause" and created "actual prejudice." *See U.S. v. Landrum*, 93 F.3d 122, 124-25 (4th Cir. 1996). Collateral attack is not a substitute for appeal. *U.S. v. Frady*, 456 U.S. 152, 165 (1982). "Where [a] petitioner only waives the right to appeal, he is not precluded from filing a petition for collateral review. But he is precluded from raising claims of the sort that *could* have been raised on appeal." *U.S. v. Linder*, 552 F.34, 391, 396-97 (4th Cir. 2009) (citing Brian R. Means, *Fed. Habeas Practitioner Guide,* Jurisdiction ¶ 1.23.0 (2006/2007) (emphasis in original).

The unalterable fact is that Johnson could have, but did not raise any of his issues he pursues here on direct appeal, which means his claim is not cognizable under 28 U.S.C. § 2255. He knowingly and voluntarily entered into a plea agreement that waived his right to direct appeal. Absent an appeal, he is not permitted to now raise these claims by way of collateral review.

---

[1] Johnson claims he received the anonymous letters on or around November 15, 2010, December 27, 2011, and December 28, 2011. That is, he received the first letter shortly prior to his sentencing and the other two letters shortly after being sentenced. One of the three letters was apparently sent to the home of his son, Jack B. Johnson, Jr. ECF No. 63 at 8.

### III.    APPEALABILITY

Rule 11(a) under the Federal Rules Governing 28 U.S.C. § 2255 requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Fed.R.Gov. § 2255 Proc. 11(a).   A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2002); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).  The Court has reviewed pleadings and the record in this case.  It finds that Johnson has not made the requisite showing here.

### IV.    CONCLUSION

For these reasons, Johnson's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**March __, 2017**